**Entered on Docket**
**January 06, 2009**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed: January 05, 2009**

**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

FELICIA LAURA COLLIER,

Debtor.
______________________________/

No. 08-43740 TG
Chapter 13

In re

WILLIE JACKSON,

Debtor.
______________________________/

No. 08-44842 TG
Chapter 13

**RESCISSION OF NOTICE TO ATTORNEY GENERAL AND ORDER SUSTAINING OBJECTIONS TO CONFIRMATION**

On December 15, 2008, the Court issued a Memorandum of Decision (the “December 15 Memorandum”) in connection with objections filed by Donald R. White, the Treasurer-Tax Collector of Alameda County, (“Alameda County”) to the above-captioned debtors’ plans on the ground that the plans did not comply with 11 U.S.C. § 511 and Cal. Rev. & Tax. Code § 4103(b). Section 4103(a) of the California Revenue and Taxation Code provides that penalties of 18 percent per annum will accrue on delinquent real property taxes. Section 511 of the Bankruptcy Code provides that, when interest is required to be

paid on a property tax claim in a bankruptcy case, the interest rate provided by state law will apply. Section 4103(b) provides that, when the property owner is a debtor in a bankruptcy case, the penalties specified by section 4103(a) are to be considered interest.

In the December 15 Memorandum, the Court tentatively held that Cal. Rev. & Tax. Code § 4103(b) violated the Supremacy Clause of the United States Constitution and was therefore void. Before making its ruling final, the Court gave notice to the California Attorney General of its right to intervene and brief the issue pursuant to 28 U.S.C. § 2403(b). The Court now rescinds that notice, having concluded that the issue is moot in the context of a chapter 13 plan.

The rationale for this conclusion is as follows:

In the December 15 Memorandum, after concluding that § 4103(b) was void, the Court observed that chapter 13 debtors would then be subject to § 4103(a). The 18 percent per annum penalties accruing on the delinquent property tax claim would continue to accrue post-petition. However, based on In re County of Orange, 262 F.3d 1014 (9th Cir. 2001); Weston Inv. Co. v. State, 31 Cal.2d 390 (1948); and Ferreira v. County of El Dorado, 222 Cal. App. 3d 788 (Cal. Ct. App. 1990), which held that real property tax redemption penalties were not part of the lien, the Court reasoned that these penalties would constitute general, unsecured claims. Thus, these claims could be discharged without being paid in full if the chapter 13 plan were fully performed. Thereafter, Alameda County filed a supplemental brief, advising the Court that the cases cited above were legislatively overruled by Cal. Gov. Code § 43001 and Cal. Rev. &

Tax. Code § 2187. While the former statute is somewhat ambiguous, there can be no question that the latter statute legislatively overrules them.

Alameda County had previously asserted that post-petition penalties were allowable as part of its secured claim pursuant to 11 U.S.C. § 506(b). Section 506(b) provides, in pertinent part, that "fees, costs, and charges" are part of a secured claim in a bankruptcy case to the extent provided by state statute. In the December 15 Memorandum, the Court rejected this argument based on the cases cited above. Being now advised that these cases are no longer good law, the Court now finds Alameda County's § 506(b) argument persuasive. While the penalties may not qualify as "fees" or "costs," they clearly qualify as "charges."

As a result, regardless of whether the 18 percent per annum charge is properly characterized as a penalty or interest, to be confirmed, a chapter 13 plan must provide for payment in full of this accrual. This renders the issue of the constitutionality of § 4103(b) moot. For this reason, the Court will sustain the objections of Alameda County to confirmation of the plans, and there is no reason for the California Attorney General to intervene in the matter.

For the reasons stated above, the objection of Alameda County to confirmation of the above-captioned debtors' plans will be sustained. It is hereby

SO ORDERED.

END OF DOCUMENT



Case: 08-44842 Doc# 69 Filed: 01/05/09 Entered: 01/06/09 17:25:14 Page 3 of 4

COURT SERVICE LIST

Office of the Attorney General
1300 “I” St.
P.O. Box 944255
Sacramento, CA 94244-2550

Claude F. Kolm
Deputy County Counsel
Office of County Counsel, County of Alameda
1221 Oak St., Ste. 450
Oakland, CA 94612

Max Cline
Law Offices of Max Cline
1300 Clay St.
Oakland, CA 94612

David Ashley Smyth
Smyth Law Offices
1990 N California Blvd. #830
Walnut Creek, CA 94596

Martha G. Bronitsky
P.O. Box 5004
Hayward, CA 94540-5004



Case: 08-44842 Doc# 69 Filed: 01/05/09 Entered: 01/06/09 17:25:14 Page 4 of 4